UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04212-SVW | Date | August 18, 2021 |
|---|---|---|---|
| Title | *Bolour / Carl Immigration Group, APC et al v. Anthony Blinken, et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [13] MOTION TO DISMISS.

Before the Court is a motion to dismiss filed by the United States Department of State ("Defendant").  Dkt. 13.

The Court concludes that the motion must be granted.  First, Plaintiffs Hostage Aid Worldwide and Barry Rosen lack standing to challenge Defendant's denial of the FOIA request.  "[T]he Freedom of Information Act creates a private cause of action for the benefit of persons *who have requested certain records from a public agency and whose request has been denied.*"  *United States v. Richardson*, 418 U.S. 166, 204 (1974) (emphasis added).  "[A] person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute.  Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents or notice of an agency decision to withhold the documents"  *McDonnell v. United States*, 4 F.3d 1227, 1236–37 (3d Cir. 1993) (citations omitted).

Here, Plaintiffs Hostage Aid Worldwide and Barry Rosen did not submit the FOIA request at issue.  The only argument they advance in support of standing is that they have suffered harm as a result of "Defendant's unequivocal statements that the information would not be released to anyone aside from the subject of record."  Opp. at 1.  In other words, the harm by these two plaintiffs is that they do not have access to the documents.  Absent a FOIA requested submitted in their name, that harm is insufficient to confer standing.  *See McDonnell*, 4 F.3d at 1236–37.

:
Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04212-SVW | Date | August 18, 2021 |
|---|---|---|---|
| Title | *Bolour / Carl Immigration Group, APC et al v. Anthony Blinken, et al* | | |

Second, none of the plaintiffs can raise a plausible inference that Defendant's denial of the FOIA request was unlawful. Exemption 3 of the FOIA allows Defendant to withhold information prohibited from disclosure by a federal statute that either (1) requires withholding in a manner that leaves no discretion on the issue, or (2) establishes particular criteria for withholding or refers to particular types of matters to be withheld. *See* 5 U.S.C. § 552(b)(3); *see also Wiener v. F.B.I.*, 943 F.2d 972, 982 (9th Cir. 1991).

Here, the relevant statute the prohibits Defendant from disclosing the visa records is 8 U.S.C. § 1202(f). That statute provides that State Department records "pertaining to the issuance or refusal of visas or permits to enter the United States *shall be considered confidential* and shall be used *only* for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States." 8 U.S.C. § 1202(f) (emphasis added).

The Ninth Circuit has expressly stated that 8 U.S.C. § 1202(f) "specifically exempts [records pertaining to the issuance or refusal of visas] documents from FOIA disclosure." *Wiener*, 943 F.2d at 982. The statute (and, by extension, the exemption) covers "not only the information supplied by the visa applicant but also any 'information revealing the thought-processes of those who rule on the application.'" *Perry-Torres v. U.S. Dep't. of State*, 404 F. Supp. 2d 140, 143 (D.D.C. 2005) (citing *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C. Cir. 1983)).

Accordingly, Defendant was required to deny the FOIA request pursuant to 8 U.S.C. § 1202(f).

Plaintiffs do not genuinely dispute that conclusion. Instead, they rely on an exception in the statute which reads as follows: "in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court." 8 U.S.C. § 1202(f)(1). Plaintiffs argue that the filing of the instant action means that that the statute "no longer specifically prevents the disclosure of this information and does allow for its release to a court in the interest of the ends of justice." Compl. ¶ 28.

The Court rejects this argument. The ends of justice provision only applies to "pending court proceedings, *separate and apart from a FOIA action*, where the court certifies its need for such

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04212-SVW | Date | August 18, 2021 |
|---|---|---|---|
| Title | Bolour / Carl Immigration Group, APC et al v. Anthony Blinken, et al | | |

documents." *Spadaro v. United States Customs & Border Prot.*, 978 F.3d 34, 49 (2d Cir. 2020) (emphasis added). For this reason, courts have exercised the ends of justice provision in "limited circumstances" not involving an action based solely on the denial of a FOIA request—*e.g.*, criminal or immigration proceedings. *Id.*

The instant action is not separate and apart from a FOIA action. To the contrary, it is a straightforward FOIA action. *See* Compl. ¶ 1 ("This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant . . . ."). The Court agrees with those courts that have concluded that the plaintiffs' broad interpretation of the ends of justice provision is unreasonable. *See Soto v. U.S. Dep't of State*, 118 F. Supp. 3d 355, 371 (D.D.C. 2015) ("[T]o the extent Plaintiffs believe that section 1202(f)(1) authorizes a court to request documents from the Secretary merely for the purpose of turning those documents over to an unsuccessful FOIA applicant, that is not a reasonable construction of the statute.").

Accordingly, Defendant's motion to dismiss is GRANTED. Because the Court's findings are turn on the resolution of a legal question, no leave to amend will be granted. *See Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019) (affirming denial of leave to amend where dismissal was based on resolution of legal question).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |